1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 EARNEST S. HARRIS,

Case No. 1:19-cv-01338-JLT (PC)

12 Plaintiff,

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

13 v.

14 D. NEVE,

(Doc. 16)

15 Defendant.

14-DAY DEADLINE

16 Clerk of the Court to Assign a District Judge

17      Before the Court is Plaintiff's motion for a temporary restraining order. (Doc. 16.) For the

18 reasons set forth below, the Court recommends that Plaintiff's motion be denied.

19   **I.   DISCUSSION**

20      "The standard for a [temporary restraining order] is the same as for a preliminary

21 injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal.

22 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.

23 2001) (citation omitted). A "federal court may issue an injunction [only] if it has personal

24 jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

25 determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727

26 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over

27 which it has power.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (citing

28 *Zepeda*, 753 F.2d at 727, 728 n.1).

1   Plaintiff requests that the Court order Psychiatric-Technician L. Flores to remain 50 feet

2   away from him until an administrative grievance against her is adjudicated. (*Id.* at 4.) Plaintiff

3   states that he filed the grievance because Flores fails to announce her presence when she walks

4   into his section of the prison and "look[s] into the cells of male incarcerated persons in an attempt

5   to watch them … bird bathing." (*Id.* at 2.) After he filed the grievance, Plaintiff alleges that Flores

6   began retaliating against him by banging his cell door with a metal pipe when she walks by. (*Id.*

7   at 3.)

8   Plaintiff's allegations and requested relief in his motion are unrelated to the claims in this

9   lawsuit. In his complaint, Plaintiff raises claims against Correctional Officer Neve for an alleged

10  failure to provide him two meals. (Doc. 15 at 4-8.) Plaintiff does not raise any claims against

11  Flores, and Flores is not a party in this case. The Court, therefore, does not have personal

12  jurisdiction over Flores. Additionally, "[w]hen a plaintiff seeks injunctive relief based on claims

13  not pled in the complaint, the court does not have the authority to issue an injunction." *Pac.*

14  *Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the

15  Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the

16  claims in Plaintiff's motion, the Court lacks the authority to provide the injunctive relief that

17  Plaintiff seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal.

18  2010) (citations omitted).

19  **II.    CONCLUSION**

20  For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a

21  temporary restraining order be DENIED. The Court DIRECTS the Clerk of the Court to assign a

22  district judge to this action.

23  These Findings and Recommendations will be submitted to the District Judge assigned to

24  this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of

25  service of these Findings and Recommendations, Plaintiff may file written objections with the

26  Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

27  Recommendations." Failure to file objections within the specified time may result in waiver of

28  rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

2

*Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 22, 2020**                          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE