UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

            Plaintiff,

   v.

D. NEVE,

            Defendant.

Case No. 1:19-cv-01338-AWI-JLT (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS EIGHTH AMENDMENT CLAIMS**

(Doc. 15)

21-DAY DEADLINE

Earnest S. Harris alleges Correctional Officer Neve subjected him to retaliation and cruel and unusual punishment in violation of the First and Eighth amendments. (Doc. 15.) The Court finds that Plaintiff states cognizable retaliation claims, but his Eighth Amendment claims are not cognizable. Because Plaintiff has received two opportunities to amend (*see* Docs. 10, 12), and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that Plaintiff's Eighth Amendment claims be dismissed.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

1    who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

2    it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

3    theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

6        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7    exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

8    "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

9    Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

10   plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

11   quotation marks and citation omitted).

12       Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

13   cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

14   U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

15   set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

16   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

17   true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

18       The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

19   any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

20   liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories.

21   *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil

22   rights complaint may not supply essential elements of the claim that were not initially pled,"

23   *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

24   marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe*

25   *I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

26   citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

27   state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall

28   short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.    DISCUSSION

### A.  Factual Allegations

Mr. Harris alleges Correctional Officer Neve refused to provide him meals on two occasions in retaliation for Plaintiff's "filing numerous … grievances against him." (Doc. 15 at 4.) Plaintiff alleges that, "on several occasions," Neve made such comments as "this one (the Plaintiff) likes to file 602's against me, we'll see how that['s] going to work out for him." (*Id.*)

Plaintiff alleges that on August 24, 2018, while serving meals to other inmates, Neve walked past Plaintiff's door and refused to provide him a meal tray. (*Id.* at 4-5.) Plaintiff states that when he alerted Neve, Neve replied that he would not feed Plaintiff because Plaintiff was going to court. (*Id.* at 5.) When Plaintiff told Neve that he did not have court that day, Neve ignored him. (*Id.*) Plaintiff states that he "suffered servere [sic] stomach pain and dizz[iness] from not being" fed. (*Id.*) Plaintiff filed a grievance against Neve for the incident. (*Id.*)

Plaintiff did not see Neve again until June of 2019. (*Id.*) Plaintiff alleges that, on June 30, 2019, Neve walked up to Plaintiff's cell, showed Plaintiff his meal tray, then threw the food into the garbage. (*Id.*) Plaintiff states that he again suffered stomach pain and dizziness for missing the meal, and he visited a nurse regarding these symptoms. (*Id.* at 6.) Plaintiff alleges that he "lived in fear" if he continued to file grievances against Neve, but he nevertheless filed another grievance against him for the incident. (*Id.*)

**B.  Claims for Relief**

1.  <u>Conditions of Confinement</u>

 "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of … inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted).

"In order to establish … [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation and internal quotation marks omitted). To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Farmer*, 511 U.S. at 834.

Plaintiff's allegations do not satisfy the first, objective prong. Plaintiff alleges Defendant refused to provide him meals on two occasions. (Doc. 15 at 4-5.) These deprivations are not sufficiently serious to implicate the Eighth Amendment. The Ninth Circuit has held, for example, that "food occasionally contain[ing] foreign objects or sometimes [being] served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (internal quotation marks and citation omitted). Likewise, Defendant's alleged refusal to provide Plaintiff two meals over the span of ten months is not sufficiently serious to violate the Eighth Amendment. *See Foster v. Runnels*, 554 F.3d 807, 812 n.1 (9th Cir. 2009) (denial of two meals over the span of two months did "not appear to rise to the level of a constitutional violation"). The Court acknowledges that if prison officials were to regularly deny Plaintiff meals, such may constitute cruel and unusual punishment. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) ("circumstances, nature, and duration of a deprivation of [ ]

1   necessities must be considered in determining whether a constitutional violation has occurred")

2   (internal quotation marks and citation omitted). But that is not the case here. Plaintiff's

3   allegations fail to state a cognizable claim of cruel and unusual punishment.

4           2.   Retaliation

5           A claim for retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir.

6   2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing

7   an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the

8   right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*,

9   778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took

10  adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff

11  must allege a causal connection between the adverse action and the protected conduct." *Id.* In

12  other words, the plaintiff must claim the defendant subjected him to an adverse action *because of*

13  his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege

14  that the official's acts would chill or silence a person of ordinary firmness from future [protected]

15  activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the

16  plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate

17  goals of the correctional institution....'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

18          Plaintiff's allegations establish cognizable retaliation claims. Plaintiff alleges that he

19  engaged in protected conduct, i.e., filing inmate grievances, and that Defendant took adverse

20  action against him because he engaged in such conduct, i.e., refusing to provide him meals on two

21  occasions. Plaintiff does not allege that Defendant's actions chilled his speech, since he continued

22  to filed grievances. (Doc. 15 at 6.) However, Plaintiff alleges that he was harmed (*see id.* at 5-6),

23  and "harm that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d

24  at 562.

25  **IV.   CONCLUSION AND ORDER**

26          For the reasons set forth above, Plaintiff's second amended complaint (Doc. 15) states

27  cognizable retaliation claims under the First Amendment, but his claims of cruel and unusual

28  punishment under the Eighth Amendment are not cognizable. Given Plaintiff's two opportunities

to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that Plaintiff's Eighth Amendment claims be **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2020**                    **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE