# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>D. NEVE,<br><br>        Defendant. | No. 1:19-cv-01338-AWI-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING EIGHTH AMENDMENT CLAIMS<br><br>(Doc. No. 21) |

Plaintiff Earnest S. Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

On July 27, 2020, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's Eighth Amendment claims be dismissed, but that his First Amendment retaliation claims be allowed to proceed. Doc. No. 21. The magistrate judge found that Plaintiff's allegations that Defendant-Correctional Officer Neve refused to provide him meals on two occasions, nearly a year apart, are not "sufficiently serious" to implicate the Eighth Amendment. Id. at 4–5. Given that Plaintiff had received two opportunities to amend his complaint (see Doc. Nos. 10, 12), the magistrate judge found that further amendment would be futile. Doc. No. 21 at 1, 5–6. Plaintiff filed objections to the findings and recommendations on

August 17, 2020.  Doc. No. 24.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.  The Court agrees with the magistrate judge's finding that Plaintiff's allegations that he was deprived two meals over the span of 10 months are not sufficiently serious to establish an Eighth Amendment claim.  See Foster v. Runnels, 554 F.3d 807, 812 n.1 (9th Cir. 2009) (denial of two meals over the span of two months did "not appear to rise to the level of a constitutional violation").  However, Plaintiff's allegations that Defendant denied him the meals in retaliation for filing inmate grievances are sufficient to state cognizable First Amendment retaliation claims.

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on July 27, 2020 (Doc. No. 21), are ADOPTED in full;
2. Plaintiff's Eighth Amendment claims are DISMISSED;
3. Plaintiff's First Amendment retaliation claims under 42 U.S.C. § 1983 are allowed to proceed; and
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   December 15, 2020                              _____
                                                                                        SENIOR DISTRICT JUDGE