1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                                 EASTERN DISTRICT OF CALIFORNIA

10

11   EARNEST S. HARRIS,                      Case No. 1:19-cv-01338-AWI-JLT (PC)

12                    Plaintiff,             **ORDER GRANTING DEFENDANT'S
                                             REQUEST FOR SCREENING**
13             v.
                                             (Doc. 52)
14   D. NEVE,
                                             **FINDINGS AND RECOMMENDATIONS
15                    Defendant.             TO DISMISS CERTAIN CLAIMS**

16                                           (Doc. 51)

17                                           21-DAY DEADLINE

18

19            On July 13, 2021, the Court granted Plaintiff leave to file a third amended complaint.

20   (Doc. 47.) Plaintiff filed a third amended complaint on August 10, 2021. (Doc. 51.) Defendant

21   requests that the Court screen the complaint. (Doc. 52.) Because screening is mandatory under 28

22   U.S.C. § 1915A(a), the Court grants Defendant's request.

23            Upon screening, the Court finds that Plaintiff's third amended complaint states cognizable

24   claims of retaliation and excessive force, but its remaining claims are not cognizable. Because

25   Plaintiff has received three opportunities to amend, the Court finds that further amendment would

26   be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court

27   recommends that the non-cognizable claims be dismissed.

28   ///

1   **I.   SCREENING REQUIREMENT**

2         The Court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

4   The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,

5   fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

6   who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

7   it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

8   theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9   **II.   PLEADING REQUIREMENTS**

10        **A.   Federal Rule of Civil Procedure 8(a)**

11        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

12  exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

13  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

14  Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

15  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

16  quotation marks and citation omitted).

17        Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

18  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

19  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

20  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

21  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

22  true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

23        The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

24  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

25  liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

26  theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

27  of a civil rights complaint may not supply essential elements of the claim that were not initially

28  pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

1  quotation marks and citation omitted), and courts "are not required to indulge unwarranted

2  inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

3  marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

4  sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

5  liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

6         **B.  Linkage and Causation**

7         Section 1983 provides a cause of action for the violation of constitutional or other federal

8  rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

9  section 1983, a plaintiff must show a causal connection or link between the actions of the

10  defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

11  423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

12  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

13  act, participates in another's affirmative acts, or omits to perform an act which he is legally

14  required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

15  F.2d 740, 743 (9th Cir. 1978) (citation omitted).

16  **III.    PLAINTIFF'S FACTUAL ALLEGATIONS**

17         Plaintiff was incarcerated at California State Prison, Corcoran. (*See* Doc. 51.) He alleges

18  Defendant-Correctional Officer Neve refused to provide him meals on two occasions and "st[ole]

19  the snacks out of [his] lunches" over the span of a month in retaliation for his filing lawsuits and

20  "numerous . . . grievances." (*Id.* at 4, 6-7.) Plaintiff alleges that, "on several occasions,"

21  Defendant made such comments as, "this one (the Plaintiff) likes to file 602's against me, we'll

22  see how that['s] going to work out for him." (*Id.* at 4.)

23         Plaintiff alleges that on August 24, 2018, Defendant walked past his door and refused to

24  provide him a meal tray while serving meals to other inmates. (*Id.* at 4-5.) Plaintiff states that

25  when he alerted him, Defendant replied that he would not feed Plaintiff because Plaintiff was

26  going to court. (*Id.* at 5.) When Plaintiff told Defendant that he did not have court that day,

27  Defendant ignored him. (*Id.*) Plaintiff states that he "suffered se[vere] stomach pain and

28  dizz[iness] from not being" fed. (*Id.*) Plaintiff filed a grievance regarding the incident. (*Id.*)

1    Plaintiff did not see Defendant again until June of 2019. (*Id.*) Plaintiff alleges that on June

2    30, 2019, Defendant walked up to Plaintiff's cell, showed Plaintiff his meal tray, then threw the

3    food into the garbage. (*Id.*) Plaintiff states that he again suffered stomach pain and dizziness for

4    missing the meal, and he visited a nurse regarding these symptoms. (*Id.* at 6.) Plaintiff says he

5    "lived in fear" if he continued to file grievances against Defendant, but he nevertheless filed

6    another grievance for the incident. (*Id.*)

7         Between May and June of 2018, Plaintiff alleges Defendant applied handcuffs on him

8    excessively tight on three occasions. (*Id.* at 8-9.) On the third occasion, Plaintiff alleges he told

9    Defendant that the handcuffs were "stopping the blood flow from [his] wrist and [that he] felt

10   faint," but that Defendant replied, "'that's what happens to inmates who file lawsuits.'" (*Id.* at 9.)

11   Plaintiff states that the resulting pain, redness, and swelling lasted two to three days. (*Id.*)

12   **IV.    DISCUSSION**

13        **A.  Conditions of Confinement**

14        "It is undisputed that the treatment a prisoner receives in prison and the conditions under

15   which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*,

16   509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food,

17   clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of .

18   . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations

19   omitted).

20        "In order to establish . . . [an Eighth Amendment] violation, [p]laintiffs must satisfy both

21   the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744

22   (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is

23   "sufficiently serious." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted).

24   To be sufficiently serious, the "prison official's act or omission must result in the denial of 'the

25   minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337,

26   347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to

27   their health or safety. *Farmer*, 511 U.S. at 834.

28   ///

4

1    Plaintiff's allegations regarding his meals do not satisfy the first, objective prong. Plaintiff

2    alleges Defendant refused to provide him meals on two occasions and took snacks out of his

3    lunches. (Doc. 51 at 4-7.) These deprivations are not sufficiently serious to implicate the Eighth

4    Amendment. The Ninth Circuit has held, for example, that "food occasionally contain[ing]

5    foreign objects or sometimes [being] served cold, while unpleasant, does not amount to a

6    constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (internal

7    quotation marks and citation omitted). Likewise, Defendant's alleged refusal to provide Plaintiff

8    two meals over the span of ten months, or his alleged removal of snacks from Plaintiff's lunches,

9    is not sufficiently serious to violate the Eighth Amendment. *See Foster v. Runnels*, 554 F.3d 807,

10   812 n.1 (9th Cir. 2009) (denial of two meals over the span of two months did "not appear to rise

11   to the level of a constitutional violation"); *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir.

12   2005) ("circumstances, nature, and duration of a deprivation of [ ] necessities must be considered

13   in determining whether a constitutional violation has occurred") (internal quotation marks and

14   citation omitted). Plaintiff's allegations regarding his meals fail to rise to the level of cruel and

15   unusual punishment.

16       **B.  Excessive Force**

17       The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and

18   unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and

19   citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for*

20   punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*,

21   564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is

22   simply not part of the penalty that criminal offenders pay for their offenses against society."

23   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

24       A correctional officer engages in excessive force in violation of the Cruel and Unusual

25   Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances,

26   and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith

27   effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other

28   words, "whenever prison officials stand accused of using excessive physical force . . ., the core

5

1    judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore

2    discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7

3    (1992). In making this determination, courts may consider "the need for application of force, the

4    relationship between that need and the amount of force used, the threat reasonably perceived by

5    the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.*

6    at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the

7    absence of serious injury is not determinative. *Id.*

8           Plaintiff states cognizable claims of excessive force. He alleges Defendant applied

9    handcuffs on him excessively tight and that when he informed Defendant that he felt faint,

10   Defendant replied, "that's what happens to inmates who file lawsuits . . ." (Doc. 51 at 8-9). These

11   allegations are sufficient to show that the amount of force used was excessive and unnecessary

12   and intended to cause harm, not to maintain security.

13          **C.  Retaliation**

14          A claim of First Amendment retaliation has five elements. *Watison v. Carter*, 668 F.3d

15   1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.*

16   For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th

17   Cir. 2005), as is the right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see*

18   *also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that

19   the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted).

20   "Third, the plaintiff must allege a causal connection between the adverse action and the protected

21   conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse

22   action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the

23   plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness

24   from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and

25   citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did

26   not advance legitimate goals of the correctional institution. . .'" *Id.* (quoting *Rizzo*, 778 F.2d at

27   532).

28          Plaintiff's allegations establish cognizable retaliation claims. Plaintiff alleges that he

1   engaged in protected conduct, i.e., filing inmate grievances and lawsuits, and that Defendant took

2   adverse action against him because he engaged in such conduct, i.e., applying handcuffs on him

3   excessively tight on three occasions, refusing to provide him meals on two occasions, and taking

4   snacks or "food items out of . . . lunches" over the span of a month. (Doc. 51 at 4-9.) Plaintiff

5   does not allege that Defendant's actions chilled his speech, since he continued to filed grievances.

6   (*See id.* at 6.) However, Plaintiff alleges that he was harmed, and "harm that is more than minimal

7   will almost always have a chilling effect." *Rhodes*, 408 F.3d at 562.

8   **V.      CONCLUSION, ORDER, AND RECOMMENDATION**

9          For the reasons set forth above, the Court **GRANTS** Defendant's request for screening

10   (Doc. 52). The Court finds that Plaintiff's third amended complaint (Doc. 51) states cognizable

11   claims of retaliation and excessive force, but that its remaining claims are not cognizable. Given

12   Plaintiff's three opportunities to amend, further amendment would be futile. *See Akhtar v. Mesa*,

13   698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court **RECOMMENDS** that the

14   claims in Plaintiff's complaint be **DISMISSED**, except for the claims of retaliation and excessive

15   force, pursuant to 42 U.S.C. § 1983.

16          These Findings and Recommendations will be submitted to the United States District

17   Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

18   service of these Findings and Recommendations, Plaintiff may file written objections with the

19   Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

20   Recommendations." Plaintiff's failure to file objections within the specified time may result in

21   waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

22   *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25   Dated:   **September 7, 2021**                    _____ **/s/ Jennifer L. Thurston**
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE
26

27

28